791 So.2d 1225 (2001)
D.B., Father of D.F., A Child, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D00-3778.
District Court of Appeal of Florida, Fifth District.
August 17, 2001.
Ryan Thomas Truskoski of Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
James A. Sawyer, Jr., Senior Attorney, Department of Children and Families, Kissimmee, for Appellee.
ORFINGER, R.B., J.
D.B., the father of D.F., a minor, appeals the trial court's judgment terminating his parental rights. Because the trial court applied the wrong law as its sole basis for terminating D.B.'s parental rights, we reverse the final judgment and remand the matter for further proceedings.
Prior to D.F.'s birth, D.B. pled guilty to second degree murder and in April, 1995, was sentenced to 13.85 years in prison. Following a hearing on the Department's petition, the trial court entered its final judgment terminating D.B.'s parental *1226 rights to D.F. The sole basis for the trial court's order was section 39.806(1)(d)1, Florida Statutes (2000). That statute, in pertinent part, provides that termination of parental rights may be sought "when the parent of a child is incarcerated in a state or federal correctional institution" and "[t]he period of time for which the parent is expected to be incarcerated will constitute a substantial portion of the period of time before the child will attain the age of 18 years." § 39.806(1)(d)1., Fla. Stat. (2000).
On appeal, D.B. argues, and DCF properly concedes, that this statute is inapplicable to the instant case because the law further provides: "This act shall [take] effect October 1, 1997, and applies to any person incarcerated after October 1, 1997, who is sentenced to a term of incarceration which would qualify under the provisions of this act, as well as to any persons who are sentenced after that date." Ch. 97-226, § 6, Laws of Fla.[1] Because the record demonstrates that D.B. was incarcerated in 1995, it is clear that section 39.806(1)(d)1 does not apply and cannot serve as a basis to terminate his parental rights.
On remand, the trial court may consider D.B.'s incarceration along with other factors, such as the nature of his crime, in determining whether D.B.'s rights should be terminated. However, under the law as it existed when D.B. was incarcerated, parental rights could not be terminated based solely on the incarceration of the parent. See W.T.J. v. E.W.R., 721 So.2d 723, 725 (Fla.1998); In re B.W., 498 So.2d 946, 948 (Fla.1986); M.S. v. D.C., 763 So.2d 1051, 1054 (Fla. 4th DCA 1999). There must be something more. M.S. at 1054.
Accordingly, we reverse the final judgment terminating D.B.'s parental's rights and remand the matter for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
SHARP, W., and PLEUS, JJ., concur.
NOTES
[1] Section 39.806(1)(d), Florida Statutes (2000) was originally numbered section 39.464(1)(d). See § 39.464(1)(d), Fla. Stat. (1997). The statute applies only to persons incarcerated or sentenced after October 1, 1997. See Ch. 97-226, § 6, Laws of Fla.