PETERSON, J.
The mother appeals the termination of her.parental rights to her adopted child.
The Department of Children and Families (Department) alleged several grounds in its petition for termination, but announced at the final hearing that it was proceeding only upon its allegation' that the mother would be incarcerated for a substantial period of time before the child attained the age of 18 years. The trial court terminated the parental rights reasoning that:
The mother abandoned her child in that she could not care for her child due to incarceration. That the incarceration is due to child abuse, conviction. That the time of incarceration will be a significant portion of the child’s childhood. The mother is not psychologically capable to raise this child.
The Department’s sole argument on appeal is that the termination should be affirmed under .section 39.806(l)(d)(l), Florida Statutes, which provides that termination of parental rights may be sought when the parent is incarcerated'and “[t]he period of time for which the parent is expected to be incarcerated will constitute a substantial portion of the period of time *359 before the child will attain the age of 18 years.” That argument is not valid in this case because the statutory provision is applicable only to persons who are sentenced to a period of incarceration after October 1, 1997. Ch. 97-226, § 6, Laws of Fla. E.g., D.B. v. Dep’t of Children and Families, 791 So.2d 1225 (Fla. 5th DCA 2001); M.S. v. D.C., 763 So.2d 1051 (Fla. 4th DCA 1999). The mother was sentenced prior to that time. Because the Department relied solely upon the inapplicable provision in the termination hearing as well as in its argument on appeal, we must vacate the termination.
We also note that the trial court’s statement that the mother is psychologically incapable of raising the child is unsupported by the record before us. There was a reference during the hearing to a deposition of a psychologist who conducted a single examination of the mother, but the deposition was never made a part of the record. Rather the record contains the favorable testimony of the mother’s 18 year old daughter who resided with and observed the mother’s care of the adopted child. The daughter testified that her mother was a good mother, that both she and her sister have succeeded in school and work, and are currently seeking college degrees. She also commented that she had no fear for the adopted child’s safety in her mother’s care.
The order of termination is vacated.
ORDER VACATED.
THOMPSON, C.J. and PLEUS, J., concur.